IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DENNIS CRAWFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. CIV-21-0881-HE |
| ) | |
| KILOLO KIJAKAZI, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

In this case, plaintiff Dennis Crawford appeals the final decision of the Commissioner of the Social Security Administration denying him disability benefits under the Social Security Act. The case was referred to U. S. Magistrate Judge Shon T. Erwin for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Erwin has issued a Report and Recommendation recommending that the Commissioner's decision be reversed and remanded for further proceedings. The Commissioner has objected to the Report which triggers *de novo* review of matters to which objection has been made.

The Report concluded the Administrative Law Judge erred in failing to consider the side effects from injections plaintiff received to treat his back pain. Plaintiff had testified at the administrative hearing that he would be bedridden for four to six days after receiving each injection, which he received four to six times each year. Judge Erwin concluded that the ALJ erred in not considering these side effects, or at least in not explicitly addressing them, when performing the step four residual functional capacity evaluation pursuant to 20 CFR 416.929 and SSR 16-3P. SSR 16-3P sets forth factors to be considered in evaluating

the intensity, persistence, and limiting effects of an individual's subjective symptoms. They include the "type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms." 2017 WL 5180304, at *8. The Report notes that "nowhere in the evaluation does the ALJ acknowledge or otherwise discuss the side effects of the injections." Doc. #21, p. 6.

The Commissioner argues that there is substantial evidence in the record to support the ALJ's ultimate decision. The objection notes that the ALJ's decision states that she "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." Doc. #11-2, p. 22. Further, the Commissioner correctly notes that an ALJ is not required to discuss each of plaintiff's specific statements when making a decision, that the burden of proof is not on the Commissioner to prove that plaintiff was not bedridden for as long and as often as he claimed, and a claimant's statements of symptoms alone are insufficient to establish the existence of a disability. The Commissioner also points to various aspects of the record which potentially support a conclusion that plaintiff's description of his post-injection symptoms was overstated, but does not dispute that the ALJ did not address side effects in any explicit fashion.

While the question is close, the court concludes the Report is correct in its assessment that the ALJ did not make, or at least sufficiently document, an assessment of the significance of the claimed side effects in the context of the RFC determination. An ALJ need not consider all of the SSR 16-3P "factors in a formalistic way, but the substance must be there." Brownrigg v. Berryhill, 688 Fed. Appx. 542, 546 (10th Cir. 2017); *see*

*also* Racette v. Berryhill, 734 Fed. Appx. 592, 598 (10th Cir. 2018) (ALJ erred in not considering side effects of treatments during the RFC assessment).  At the same time, in assessing credibility, the ALJ's findings should be "closely and affirmatively linked" to substantial evidence in the record.  Hackett v. Barnhart, 395 F.3d1168, 1173 (10th Cir. 2005).  Here, the court concludes the ALJ's explanation was insufficient to establish that the plaintiff's claimed side effects were appropriately considered.  The ALJ may well have conducted the necessary analysis and, if so, there may well have been a sufficient basis for discounting the claimed side effects to the extent the ALJ did so.  But in the absence of some more explicit treatment of the issue than occurred here, the court cannot assume that.

Accordingly, the court **ADOPTS** the Report and Recommendation [Doc. #21].  The decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings.

**IT IS SO ORDERED**.

Dated this 29th day of July, 2022.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE